```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
   FERDY ASHMEADE,                                                 :
                                                                   :
                               Plaintiff,                          :   17-CV-3822 (JMF)
                                                                   :
                  -v-                                              :   ORDER
                                                                   :
   LE PETIT CHATEAU, INC., D/B/A ROYAL                             :
   TROPICAL BAKERY IV, and OLIVENE KELLY,                          :
                                                                   :
                               Defendants.                         :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On December 20, 2017, Plaintiff, who is alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Voluntary dismissal under Rule 41(a)(1), however, is subject to "any applicable federal statute," Fed. R. Civ. P. 41(a)(1), and the FLSA places "'strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver,'" *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). As the Second Circuit has observed, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-CV, 2015 WL 4664283, at *6 (2d Cir. Aug. 7, 2015). Although the Second Circuit did not reach the question of Rule 41(a)(1)'s application to stipulated dismissals *without* prejudice, *id*. at *7 n.2, there is nothing in *Cheeks* that would appear to limit a court's responsibility to supervise settlements to those accompanied by dismissals *with* prejudice. Accordingly, the Court will continue its practice of reviewing the fairness of all FLSA settlements. *See Wolinsky*, 900 F. Supp. 2d at 335 (discussing a court's responsibility to scrutinize the fairness of FLSA settlements generally).

In light of this judicial-supervision requirement, Plaintiff may not dismiss this case without approval by the Court. Instead, the case "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). **Accordingly, the parties are hereby ORDERED to show cause in writing why Plaintiff's claims should be dismissed**. If the dismissal is related to a settlement of Plaintiff's claims, he must submit the settlement agreement to the Court for its approval and must explain (in the accompanying joint letter) why the Court should approve the settlement, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The letter should also address, if applicable,

any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

The parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N,Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g., Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties (1) would adhere to the settlement in the event the Court is prepared to approve all but the provision(s) (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision) or (2) would abandon the settlement and continue to litigate this action in the event the Court does not approve the provision(s).

Finally it is hereby ORDERED that the conference previously scheduled for January 4, 2018 is adjourned *sine die*.

SO ORDERED.

Dated: December 21, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2